```
          UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF OHIO
                WESTERN DIVISION
```

DESSALINES WEAVER, :
: NO. 1:06-CV-00557
    Petitioner, :
:
:
v. : **OPINION AND ORDER**
:
:
ERNIE MOORE, :
:
    Respondent. :

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Petitioner's habeas relief be denied (doc. 10). As no objections were filed, and for the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety.

**I.    Background**

On February 13, 2002, Petitioner entered a guilty plea, before the Hamilton County, Ohio Court of Common Pleas, to three forgery charges and to a charge for possession of criminal tools in exchange for the dismissal of two counts of theft (Id.). The plea provided that should community control be imposed, any violation could result in a longer community control period, greater restrictions, or a prison term (Id.). The plea also had a provision which indicated that Petitioner knowingly signed the plea (Id.). For each offense, the court sentenced Petitioner to

concurrent terms of six months and five years of "intensive supervision community control" (Id.).  Furthermore, the court advised Petitioner, at sentencing and by notation on the docket, that any violation of community control could result in the maximum sentence for the felonies being imposed, which the written plea had explained was twelve months for each count (Id.).

On April 8, 2004, a community control violation was filed against Petitioner (Id.).  At the May 4, 2004 hearing, the court found Petitioner not guilty of the violation as Petitioner had not had the opportunity to review the rules and conditions of his probation (Id.).  The court advised Petitioner that any further violations would result in more restrictive community control or prison (Id.).  The court further stated that should prison be imposed Petitioner would serve one year for each count to run consecutively, to which Petitioner objected stating he had originally been given a concurrent sentence (Id.).  The court responded by stating that Petitioner had a lengthy criminal record and was likely to repeat the same offenses should his community control be unsuccessful (Id.).

Approximately two months later, a second violation of community control was filed against Petitioner (Id.).  At the July 30, 2004 hearing, Petitioner pled no contest to the violation, but challenged imposition of consecutive sentences and argued that he did not knowingly enter his February 13, 2002 plea (Id.).  The

-2-

court was not swayed by either argument, and imposed a four year sentence, one year for each count running consecutively, with credit for time served (Id.). Petitioner appealed claiming (1) prejudicial error in the imposition of a four year sentence; (2) he received no notice, at his April 17, 2002 sentencing, that prison could be imposed for a community control violation; and (3) the court erred in imposing consecutive sentences rather than the concurrent sentences imposed in the original sentence (Id.).

On July 30, 2004, the state appellate court overruled the assignments of error and affirmed the lower court's decision (Id.). Petitioner then appealed to the Ohio Supreme Court, but the court denied Petitioner leave to appeal and dismissed the appeal as not involving a constitutional question (Id.).

Petitioner spent the next ten months filing various motions, petitions, and appeals all of which were denied (Id.). On September 9, 2006, Petitioner filed a pro se federal habeas corpus petition for relief alleging (1) he had no notice that he could be imprisoned for a community control violation at his sentencing hearing and (2) the sentence being changed from a concurrent term to a consecutive term (Id.). Respondent filed a return of writ conceding the petition was not barred by the statute of limitations and all state remedies for relief were exhausted (Id.). Respondent also stated that petitioner's claims for relief should be denied as they lack merit (Id.).

-3-

**II.     The Magistrate Judge's Report and Recommendation**

In his Report and Recommendation, the Magistrate Judge thoroughly reviewed the relevant factual background and applicable law, and concluded that Petitioner is not entitled to relief because his constitutional claims lacked merit and his state law claims of error were not cognizable in a federal habeas proceeding (Id.).

The Magistrate Judge found that Petitioner was notified in his written plea agreement that a violation of community control could result in being sent to prison and the maximum term could be twelve months (Id.).  In addition, at his sentencing the court advised Petitioner that the maximum sentence could be imposed for community control violations (Id.).

The Magistrate Judge also found that although the original plea and sentencing did not warn Petitioner that consecutive sentences could be imposed, Petitioner was given notice, at the May 4, 2004 hearing on the first community control violation, that consecutive sentences would be imposed should another violation occur (Id.).  The Magistrate Judge stated that the notice given to Petitioner satisfied the statutory requirements for notice required by Ohio Rev. Code §§ 2929.15(B) and 2929.19(B)(5)(Id.).

Furthermore, the Magistrate Judge noted that a federal court will only review a state prisoner's habeas petition where,

-4-

"the challenged confinement violates the Constitution, law or treaties of the United States and not 'on the basis of a perceived error of state law'" (Id. citing 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37,41 (1984). Therefore, Petitioner's claims of errors of state law are not cognizable in a federal habeas corpus proceeding (Id.). Furthermore, the Court was also unable to find a discernable constitutional basis for relief within the petitioner's claims of error (Id.).

Despite the Petitioner's lack of reference to a constitutional claim in his petition for relief, the Magistrate Judge addressed and dismissed each of the federal claims Petitioner could have raised (Id.). First, the Magistrate Judge found that Petitioner failed to show that he was denied any fundamental fairness through his claim that he should have been notified a community control violation could result in an additional prison term (Id.). The Magistrate Judge reasoned that Petitioner was notified and warned, on more than one occasion, of the possibility that he could be subject to an increased sentence, therefore fundamental fairness was not at issue (Id.).

Second, the Magistrate Judge found that Petitioner failed to demonstrate he was entitled to relief because his guilty plea was unconstitutionally obtained (Id.). Initially, Petitioner never challenged his plea on direct appeal and thus has waived any claim that he did not "knowingly, voluntarily and intelligently" enter

his plea (Id.).  The Magistrate noted that Petitioner may have suggested in his claims that his plea was not "knowingly, voluntarily or intelligently" entered because he was unaware of the possible incarceration ramifications that could result from a community control violation (Id.).

Due Process requires that a guilty plea be made voluntarily and intelligently with "sufficient awareness of the relevant circumstances and likely consequences" of that plea (Id. citing Boykin v. Alabama, 395 U.S. 238, 242 (1969)).  The Magistrate Judge noted that while "'direct consequences'" of a plea are constitutionally required, there is no requirement that Petitioner be made aware of all "possible 'collateral consequences' of the plea" (Id. citing, King v. Dutton, 17 F.3d 151, 153 (6th Cir. 1994), cert. denied, 512 U.S. 1222 (1994)).  In the case at bar, the court of common pleas was not required to inform Petitioner of the consequences of a violation of community control, however, it is clear from the record, Petitioner was "expressly informed" at his sentencing that he could be subject to four years of prison should such a violation occur, thus his plea was entered into voluntarily, intelligently and knowingly (Id.).

Third, the Magistrate Judge found that Petitioner failed to demonstrate he was entitled to relief because a double jeopardy violation occurred when he was sentenced to an additional four year prison term when he violated the terms of his community control,

after having served the concurrent six-month sentence imposed at his original sentencing (Id.).  In any case, the claim would be without merit as the courts, including the Sixth Circuit in United States v. Flanory, have held that the Fifth Amendment's Double Jeopardy Clause is not implicated where additional imprisonment is imposed upon a probation violation as revocation of supervised release is not a new punishment as it is "'attributable to the original conviction'" (Id. citing 45 F.App'x 456, 462 (6th Cir. 2002)).

Finally, the Magistrate Judge found that Petitioner failed to claim he was entitled to relief based on a Sixth Amendment violation of his right to have sentencing factors considered by a jury when he was sentenced to the four year imprisonment after violating the terms of his community control and has thus waived any such claim of right (Id.).

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned.  The Court further notes that Petitioner filed no objection.  The Court finds it appropriate, therefore, to adopt and affirm the Report and Recommendation in all respects.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C.

-7-

§ 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

In addition, by failing to keep the Court apprised of his current address, Petitioner demonstrates a lack of prosecution of his action.  See, e.g., Theede v. United States Department of Labor, 172 F.3d 1262, 1265 (10th Cir. 1999) (Failure to object to a Magistrate Judge's Report and Recommendation due to delay resulting from a party's failure to bring the court's attention a change in address constitutes failure to object in a timely manner. Because the Recommendation was mailed to the last known address, it was properly served, and party waived right to appellate review).

Accordingly, for the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 10), AFFIRMS the decision of the Magistrate Judge, and DENIES Petitioner's Petition for a Writ of Habeas Corpus (doc. 3) with prejudice.  The Court further DECLINES to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right, which may be remedied in this federal habeas corpus proceeding, based on his claims for relief addressed herein.  28 U.S.C. § 2253(c); Fed App. P. 22(b).  Finally, with respect to any application by Petitioner to proceed on appeal in forma pauperis,

the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to appeal *in forma pauperis*.  Fed. R. App. P. 24(a); Kincaid v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

        SO ORDERED.

Dated: March 11, 2008        /s/ S. Arthur Spiegel
                                          S. Arthur Spiegel
                                          United States Senior District Judge